NUMBERS 13-11-00043-CR
& 13-11-00044-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

MARK CLINTON JOHNSON,                                             Appellant,

 

v.

 

THE STATE OF TEXAS,                                                     Appellee. 


                                                                                                                     
  

 

On appeal from the 252nd
District Court 

of Jefferson County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Justices Benavides,
Vela, and Perkes   

Memorandum Opinion by
Justice Perkes  

            

Appellant,
Mark Clinton Johnson, appeals his two convictions for burglary of a habitation,
a second-degree felony.  See Tex. Penal Code Ann. § 30.02(a)(3)(c)(2) (West 2005).[1] 
In each case, pursuant to a plea-bargain agreement, appellant pleaded guilty to
the offense and was placed on deferred-adjudication community supervision for a
period of ten years.  Subsequently, the State filed a motion to revoke
community supervision and to adjudicate guilt.  At the revocation hearing in each
case, appellant pleaded “true” to multiple violations of his
community-supervision conditions.  Accordingly, in each case, the trial court
revoked community supervision, adjudicated appellant guilty of burglary of a
habitation, and sentenced him to a term of fifteen years of confinement in the Texas
Department of Criminal Justice.  The sentences were ordered to run concurrently. 
In each case, the trial court certified appellant’s right to appeal and appellant
timely perfected appeal.  As discussed below, appellant’s court-appointed counsel
has filed an Anders brief in each case.  We affirm.

I.      Anders
Brief

Pursuant to Anders v. California,
386 U.S. 738, 744 (1967), in each case, appellant’s court-appointed appellate
counsel filed a brief and a motion to withdraw with this Court, stating that
his review of the record yielded no grounds of error upon which an appeal can
be predicated.  In each case, counsel’s brief meets the requirements set forth
in Anders as it presents a professional evaluation demonstrating why
there are no arguable grounds to advance on appeal.  See In re Schulman,
252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (citing Hawkins v. State,
112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)) (“In Texas, an
Anders brief need not specifically advance ‘arguable’ points of error if
counsel finds none, but it must provide record references to the facts and
procedural history and set out pertinent legal authorities.”); Stafford v.
State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

            In compliance with High v. State, 573
S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant’s counsel
carefully discussed why, under controlling authority, there are no reversible errors
in the trial court’s judgments.  In each case, counsel has informed this Court
that he has:  (1) examined the record and found no arguable grounds to advance
on appeal; (2) served a copy of the brief and counsel’s motion to withdraw on
appellant; and (3) informed appellant of his right to review the record and to
file a pro se response.[2] 
See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see
also In re Schulman, 252 S.W.3d at 409 n.23.  More than an adequate period
of time has passed and appellant has not filed a pro se response in either case. 
See In re Schulman, 252 S.W.3d at 409.  

II.   
INDEPENDENT REVIEW

            Upon receiving an Anders brief, we
must conduct a full examination of all of the proceedings to determine whether
the case is wholly frivolous.  Penson v. Ohio, 488 U.S. 75, 80 (1988). 
We have reviewed the entire record in each case and counsel’s briefs and have
found nothing that would arguably support an appeal.  See Bledsoe
v. State, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005)
(“Due to the nature of Anders briefs, by indicating in the opinion that
it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of
Texas Rule of Appellate Procedure 47.1.”); Stafford, 813 S.W.2d at 509. 
In each case, there is no reversible error in the record.  Accordingly, the
judgments of the trial court are affirmed.

 

III.  MOTION TO WITHDRAW

            In accordance with Anders, appellant’s
attorney asked this Court for permission to withdraw as counsel for appellant
in both cases.  See Anders, 386 U.S. at 744; see also In re Schulman,
252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779–80
(Tex. App.—Dallas 1995, no pet.)  (noting that “[i]f an attorney believes the
appeal is frivolous, he must withdraw from representing the appellant.  To
withdraw from representation, the appointed attorney must file a motion to
withdraw accompanied by a brief showing the appellate court that the appeal is
frivolous”) (citations omitted)).  We grant counsel’s motions to withdraw. 
Within five days of the date of this Court’s opinion, counsel is ordered to
send a copy of this opinion and this Court’s judgment to appellant and to
advise him of his right to file a petition for discretionary review in each
case.[3] 
See Tex. R. App. P. 48.4; see
also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206
S.W.3d 670, 673 (Tex. Crim. App. 2006).

                        

                                                                                                                                                                                                                                                                                    

                                                                                         Gregory
T. Perkes

                                                                                         Justice

 

Do not publish.  Tex. R. App. P. 47.2(b).

 

Delivered and filed the


14th day of July, 2011.










[1]  This case is before this Court on
transfer from the Ninth Court of Appeals in Beaumont, Texas, pursuant to a
docket-equalization order issued by the Supreme Court of Texas.  See Tex.
Gov’t Code Ann. § 73.001 (West 2005). 





[2]  The Texas Court of Criminal Appeals
has held that “the pro se response need not comply with the rules of appellate
procedure in order to be considered.  Rather, the response should identify for
the court those issues which the indigent appellant believes the court should
consider in deciding whether the case presents any meritorious issues.” In
re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim.
App. 2008) (quoting Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.—Waco
1997, no pet.)).

 





[3]  No substitute counsel will be
appointed.  Should appellant wish to seek further review of either or both cases
by the Texas Court of Criminal Appeals, he must either retain an attorney to
file a petition for discretionary review or file a pro se petition for
discretionary review in either or both cases.  Any petition for discretionary
review must be filed within thirty days from the date of either this opinion or
the last timely motion for rehearing that was overruled by this Court.  See Tex. R. App. P. 68.2.  Any petition for
discretionary review must be filed with this Court, after which it will be
forwarded to the Texas Court of Criminal Appeals.  See Tex. R. App. P. 68.3, 68.7.  Any
petition for discretionary review should comply with the requirements of Texas
Rule of Appellate Procedure 68.4.  See Tex. R. App. P. 68.4.